COLLIER, respondent, *v.* ERVIN, appellant.

PRACTICE — *demurrer — complaint — several causes.* When the demurrer is to the whole of the complaint, containing several causes of action, and either one is sufficient, it fails.

SAME — *improper joinder — ground of demurrer specified.* Any demurrer to complaint, except for want of cause of action, and of jurisdiction, as if for improper joinder of action, should specifically point out the defect, or it will be disregarded. The mere language of the statute in such case is insufficient for the purpose.

SAME — *exceptions — findings of court — if of fact must be specific.* A general exception to the findings of the court is insufficient. If to findings of fact, it should specifically point out wherein the finding was erroneous.

DECREE — *errors of law — several foreclosures sought — amount due on each — priority — sale of property.* Errors of law need not be set forth as specifically as those of fact. When the foreclosure of several mortgages is sought, and embraced in a single action, the decree should find the amount due on each, the priority or order in which each is to be paid, and only such property as is embraced in a particular mortgage should be sold to satisfy the debt secured thereby.

MORTGAGE — *indemnity — basis of action.* In foreclosing a mortgage given to indemnify sureties on notes, for moneys paid by such sureties, the notes themselves should not be made the basis of the action, but money paid for the use of the makers of the notes.

*Appeal from First District, Jefferson County.*

THIS action was based upon the same instruments and indebtedness as the case of *Rader* v. *Ervin,* 1 Mon. 632.

CHUMASERO & CHADWICK and M. C. PAGE, for appellant.

SHOBER & LOWRY and A. G. P. GEORGE, for respondent.

KNOWLES, J. The bill of exceptions in this case shows that the appellants excepted to the ruling of the court in overruling their motion to strike out amendment to complaint, and motion to strike out complaint as amended. No point is made upon this exception in appellants' brief, and hence it will not be considered. The third exception of appellants is the overruling of their demurrer to the complaint. The first ground of demurrer set forth is:

That the complaint does not state facts sufficient to constitute a cause of action. This demurrer is to the whole complaint, and not to any separate cause therein set forth. If there is one good cause of action set forth in the complaint, then the ruling of the court was correct. Upon a careful examination I am satisfied that the complaint contains at least two good causes of action. The second ground of demurrer is, the court has no jurisdiction of the subject of the action. I do not understand how such an objection can be urged. The complaint sets forth at least two good causes of action for the foreclosure of a mortgage upon property within the jurisdiction of the court. The third ground is, that several causes of action have been improperly united. There is no further specification under this head. All grounds of demurrer, save those above specified, namely, want of a cause of action, and want of jurisdiction, should specifically point in what the defect consists. The language of the statute will not be sufficient for this purpose. This ground of demurrer, failing to specify the defect as required, should be disregarded. There was no error in the court overruling this demurrer. The next point presented is the exception to the findings of the court. The exception is in this language simply : " To the findings of the court." This exception would include all of the said findings. If one of the findings is correct, the exception is too general. One of the findings both parties agree is correct. It may be also observed that an exception to a finding of fact should point out specifically wherein the finding is erroneous. This exception has no pretensions of this kind. The fifth exception is to the decree, and is in this language : " To the decree herein, and each and every part thereof." . An appellant need not be so specific in pointing out an error of law as one of fact. *Solomon* v. *Reese,* 34 Cal. 28. The appellant in his brief points out in what the defect in the judgment consists. It is that the amount secured by the Rader mortgage is embraced in the decree, when it was found by the court that said mortgage was insufficient in law. Both parties seem to have been satisfied with this finding. The causes of action set forth, and attempted to be set forth in the complaint, are each for the foreclosure of a distinct and separate mortgage. The findings there that the mortgage sought to be foreclosed in

one cause of action was insufficient in law, disposed of that cause.
No recovery could be had upon it. But respondents claim that
the amount secured by that mortgage was also secured by the
Blacker mortgage ? It is true that this mortgage was given to
indemnify Blacker. Should he be compelled to pay the notes set
forth in the Rader mortgage ? Rader and Blacker were both
bound in certain notes with Ervin and Metcalf. The Rader mort-
gage was executed to him by Ervin and Metcalf to indemnify
them should he be compelled to pay their notes. The Blacker
mortgage was executed to him by these parties to indemnify him
should he be compelled to pay these notes, and one other note
payable to W. B. Howard for $1,000. But the cause of action which
seeks to foreclose the Blacker mortgage does not set forth that
Blacker ever paid the notes described in the Rader mortgage.
In the cause of action in which it is sought to foreclose the
Rader mortgage it is specifically alleged that Rader paid their
notes. It cannot be maintained that, when a mortgage is given
to indemnify a party against the payment of several distinct
notes, and he is compelled to pay but one of them, he can fore-
close his mortgage to satisfy the amount of all the notes. Yet
this is what is sought to be accomplished in this decree. The
third cause of action is for the foreclosure of a mortgage executed
to Collier to secure the payment of a note executed to him for
$800. The court below, in the decree, made this finding : " That
the mortgage of March 15th, A. D. 1869, to the plaintiff to secure
the payment of $800, as well as the Blacker mortgage, is sufficient
in law to entitle the plaintiff to a foreclosure thereof for the
amounts due upon the several notes in said complaint described,
after deducting the payment thereon, as therein set forth," etc.
This is nothing more than a finding of a conclusion of law, and it
is erroneous. These two mortgages, under the facts set forth in
the complaint, are not sufficient to warrant a foreclosure for the
amounts paid in the notes described in the Rader mortgage. The
amount paid by Rader in these notes is embraced in the decree
herein. The decree is, therefore, erroneous. The decree is also
irregular. A similar decree was considered by this court in the
case of *Rader* v. *Ervin*, 1 Mon. 632, and so pronounced. While
it may be proper under our Code practice, for a party to unite

in the same complaint distinct causes of action seeking to foreclose several mortgages, a proposition which it is not now necessary for this court to determine, still, in any view of the case, the decree should find the amount due on each mortgage, the priority of each, and if they do not cover the same property, then the decree should be so drawn as not to authorize the sale of property not embraced in a mortgage to satisfy it. It is probably true that all of the property described in the Collier mortgage is embraced in the Blacker mortgage; but all of the property described in the Blacker mortgage is not embraced in the Collier mortgage. It was not proper then that all of the property described in the Blacker mortgage should be ordered sold to satisfy the Collier mortgage. The decree does not determine the priority of these mortgages. While this case presents some unusual complications, a decree can undoubtedly be entered that will preserve the rights of all parties. Again, in the decree, the court seems to base its findings upon the supposition that the several actions are based upon promissory notes. This is true only of the last cause of action. The first and second causes of action should be based upon the fact that the notes set forth therein had been paid by either Rader or Blacker, and that Ervin and Metcalf were bound to contribute to these parties for money paid and expended for their use.

For the reasons above, this decree is reversed, and the cause remanded for further proceedings.

*Decree reversed.*