3   301
3   307
3   308
2*  706
5*  564

## LOGAN CITY v. BUCK.

LOGAN CITY—CONSTRUCTION OF CHARTER AUTHORIZING PROHIBITION.—The charter of Logan City which authorizes it "to license, regulate, prohibit, or restrain the manufacturers, sellers, or vendors of spirituous or fermented liquors, tavern-keepers, dram or tippling shop keepers, boarding, victualing, or coffee houses, restaurants, saloons, or other houses or places for the selling or giving away of wines or other liquors, whether ardent, vinous, or fermented," but which does not in terms empower the city to prohibit the sale of such liquors, does not authorize an ordinance of the city which declares it unlawful to sell the same, and punishes by fine and imprisonment the sellers thereof.

APPEAL from the first district court. The opinion states the facts.

*W. H. Dickson*, for the appellant.

*Sheeks & Rawlins*, for the respondent.

Power to prohibit the liquor traffic, being within the category of "rightful subjects of legislation," was conferred upon the territorial legislature by the organic act. The legislature has clearly conferred the power to prohibit the sale of liquors upon Logan City: Comp. L. 716, 717.

Section 31 of the charter gives authority "to license, regulate, prohibit, or restrain," etc., the powers to be exercised in the alternative, not conjointly, at the same time.

On the other hand, section 33 contemplates that the council may both, and át the same time, regulate and license, and in connection therewith forbid, the sale to the persons mentioned, thus authorizing the exercise of these powers in a manner not conferred in section 31.

In section 51 breweries and distilleries are classed with other institutions, such as tanneries and slaughter-houses, which may become nuisances, and gives authority for dealing with them as such, and without reference to their otherwise pernicious effects.

All these are different phases of power, given to be exercised by the city council according to its discretion. They were evidently inserted not for the purpose of restricting, but amplifying the power of the city in respect to this business.

The interpretation which counsel contend for violates the very rule of law which they invoke—that full effect must be given to all the words of the statute if possible. They would render idle the word "prohibit" in section 31, leaving Logan City precisely as Salt Lake City, whose charter is identical with that of Logan City, except that it does not contain the word "prohibit," that word being evidently omitted by the legislature because here local policy has never favored prohibition. Our interpretation gives effect to the word "prohibit," and the other provisions as well. Each has full scope for operation.

But the act of March 9, 1882, reaffirms the power of cities to prohibit this business: Sess. Laws, 1882, p. 34, sec. 13.

The special power granted to Logan City is not repealed by subsequent general legislation: 1 Dillon on Mun. Corp., sec. 87; Bishop on Written Laws, sec. 126.

Ordinances are to be reasonably construed for the purpose

of giving them effect: 1 Dillon on Mun. Corp., sec. 420, and note.

Whether a sale of liquor for medical use would be an offense under the ordinance is not involved in these cases. It seems according to the weight of authority that such a sale would not be within the ordinance: Bishop on Written Laws, sec. 238, and cases there cited.

Were it otherwise, it would not, and it is not claimed that it would, in any way affect the validity of the ordinance: 38 Am. Rep. 344, and note.

Power to prohibit the sale of liquor being expressly conferred by the legislature upon Logan City, the ordinance can not be void as contravening the public legislative policy, or be held unreasonable: 1 Dillon on Mun. Corp., secs. 328, 329, and notes.

TWISS, J.:

The proceedings in this case were instituted before a justice of the peace, upon affidavit duly filed, charging that the defendant, on the "twenty-first day of July, 1882, within the corporate limits of Logan City, unlawfully did sell and dispose of intoxicating liquor to the affiant, to wit, two drinks of whisky, for the sum or price of twenty-five cents, contrary to the provisions of an ordinance of said city prohibiting the manufacture and disposal of liquors, passed January 18, 1879." There was judgment against the defendant, who appealed to the district court, where the defendant demurred to the affidavit or complaint, alleging as grounds of demurrer "that said complaint does not state facts sufficient to constitute an offense against any valid ordinance of Logan City; that the court has not jurisdiction to try said action;" the demurrer being overruled, the defendant pleaded not guilty; upon the trial, plaintiff offered in evidence an ordinance of Logan City, to which the defendant objected, stating as grounds of objection that said ordinance, and all parts thereof, were incompetent, irrelevant, and immaterial, for the reasons that it was in conflict with the policy of the laws of the territory of Utah; that the city council of Logan City had no power or authority under the charter of said city to pass said ordinance, and that it was contrary to the laws and policy

of the United States. The district court overruled the objections, and allowed the ordinance to be read in evidence.

There was a verdict of guilty, and judgment thereon; a motion for a new trial was filed and overruled, and appeal taken to this court.

The provisions of the city charter of the plaintiff, under or by virtue of which it is claimed the plaintiff was authorized to pass the ordinance alleged to have been violated by the defendant, are as follows: "The city council shall have power by ordinance * * * to license, regulate, prohibit, or restrain the manufacturers, sellers, or vendors of spirituous or fermented liquors, tavern-keepers, dram or tippling shop keepers, boarding, victualing, or coffee houses, restaurants, saloons, or other houses or places for the selling or giving away of wines or other liquors, whether ardent, vinous, or fermented."

The provisions of the ordinance material to this case are: "It shall be unlawful for any person or persons to manufacture, sell, give way, or dispose of in any manner any spirituous, vinous, or fermented liquors, or intoxicating drink, within the corporate limits of Logan city." The ordinance imposed as a penalty for its violation a fine and imprisonment.

The material question before us is, Had the plaintiff, under the above-cited statutory provisions, authority to pass this ordinance—was the ordinance valid?

Raising no question as to the power of the territorial legislature to authorize cities by grant of charter powers to prohibit the sale of intoxicating liquors in their respective corporate limits, we proceed to the question, Was such power granted to the plaintiff, or to its city council?

Cities are the creatures of the legislative will, and are created by express legislative enactment for the purpose, mainly, that the people within their territorial limits may thereby be enabled, for their own interest and advantage, to administer their local or internal concerns; or in other words, that they may have the power of local self-government. The interests committed to the municipalities are numerous and complex, and constitute an important element in our republican form of government; they possess and can exercise no power not conferred upon them; they have no original or inherent right

of legislation like the legislature of a state, but their authority is delegated, and is limited by the terms of their organic laws, and to such acts as are necessary to enable them to carry into effect such powers as are expressly granted, and the objects and purposes of their creation: *City of Lafayette* v. *Cox*, 5 Md. 38; *Boothe* v. *Town of Woodbury*, 32 Conn. 118.

Mr. Dillon, in his work on municipal corporations, sec. 89, very clearly states the law as follows; he says: "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: 1. Those granted in express words; 2. Those necessary or fairly implied in or incident to the powers expressly granted; 3. Those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied. Of every municipality, the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, nor make any contract, nor incur any liability, not authorized thereby. All acts beyond the scope of the power granted are void."

This doctrine is sustained by many authorities, among which are *Minturn* v. *Larue et al.*, 23 How. 435; *Cook County* v. *McCrea*, 93 Ill. 236; *Meriam* v. *Moody's Ex'rs*, 25 Iowa, 163; *Thompson* v. *Lee County*, 3 Wall. 327.

Although city ordinances must conform strictly to the statutes authorizing them—and no power is deemed to be granted except such as are within these rules—yet when the statute, without ambiguity, with a clearness near to certainty, grants a power, it is not within the province of the courts to limit an ordinance within the power.

The affidavitt of complaint does not expressly allege that the defendant, at the time he sold the whisky therein mentioned, was of any one of the several classes of persons, or was a keeper of any one of the several kinds of places, named in the statute; but giving to the plaintiff's cause the benefit of the presumption that he was, and assuming, as we must, that the ordinance is not valid unless authorized by the statute, we will consider the section relied upon by the plaintiff for the purpose of determining the question of the case.

Undoubtedly the statute authorizes the city council by ordinance to license or regulate or restrain the persons, business, and places therein named; but the grant of power to license, regulate, and restrain is not a power authorizing prohibition; power for the latter should at least be as clearly expressed as for the former purpose, and in both cases it must be reasonably free from doubt and ambiguity. Is the power to prohibit thus stated in the statute? I am of the opinion that it is not. If it is there, in what words or terms is it to be found? and what can an ordinance under it prohibit? I do not find in it words granting power to the city council to prohibit "the manufacturers, sellers, or vendors of spirituous or fermented liquors" from manufacturing, selling, or vending spirituous or fermented liquors; if the statute, by force of construction, is to be thus read and understood, we must interpolate words expressing a power not found in the language used. This we can not do. If the word "prohibit" is to be applied to the several classes of persons, business, and places named in the statute, and the necessary words supplied to express clearly a power to prohibit the manufacturing, selling, or vending of spirituous, fermented, ardent, or vinous liquors by the persons and at the places therein named, a new section would have to be written so different in terms and phraseology as to have but little resemblance to the one now under consideration.

Being of the opinion that the statute in question, if it does not utterly fail as a grant of power authorizing prohibition, is so obscure in terms as not only to admit of reasonable doubt as to the power but to force it upon the mind, notwithstanding a desire to give to the ordinance every reasonable intendment in its favor, there is no avoiding the conclusion that the district court erred in admitting as evidence the ordinance of the city plaintiff, a violation of which by the defendant is the alleged cause of action against him.

There are other assignments of error, but as the decision of this question is decisive of the case, expression of opinion upon the others is unnecessary. The judgment of the district court is reversed, and the case remanded.

HUNTER, C. J., concurred.

EMERSON, J., dissented.