[Sac. No. 608. Department One.—March 15, 1899.]

THOMAS H. WILLIAMS, Jr., Respondent, v. M. MARX, Appellant.

VENDOR AND PURCHASER—CONTRACT OF SALE—CONSTRUCTION OF WILL—DECREE OF DISTRIBUTION—SPECIFIC PERFORMANCE.—Where the land described in a contract of sale was devised to the vendor in the will of a deceased person, and it was objected by the purchaser that the construction of the will left the title questionable, if it appears that the land was distributed to the devisee in fee by a decree of distribution which had become final by failure to appeal therefrom for more than one year, and which had never been modified, and the jurisdiction of the court is not assailed, and no uncertainty appears in the decree as to the title of the vendor, such decree is a judicial construction of the will, which cannot be assailed collaterally; and the contract of sale was properly enforced in an action by the vendor against the purchaser for a specific performance.

APPEAL from a judgment of the Superior Court of Sacramento County. E. C. Hart, Judge.

The facts are stated in the opinion.

R. M. F. Soto, for Appellant.

Rothchild & Ach, for Respondent.

HAYNES, C.—On April 11, 1898, the parties to this suit entered into an agreement in writing, whereby the plaintiff agreed to sell and the defendant agreed to buy certain real estate situate on Grand Island in the Sacramento river, for a price therein specified. The defendant paid to the plaintiff one thousand dollars of the purchase money, but it was provided that if the title to the land should not prove to be good and marketable the plaintiff should repay said sum of one thousand dollars, but if the title should be found to be good and marketable the defendant should pay the remainder of the purchase price. Defendant, claiming the title was not good and marketable, refused to complete the purchase, and demanded a return of his deposit. The plaintiff refused to comply, tendered a conveyance, demanded payment, and brought this action to compel a specific performance.

The plaintiff had judgment, and the defendant appeals. The facts were stipulated and stand as the findings of the court.

Thomas H. Williams (senior), the father of the plaintiff, died testate in 1886, leaving a large estate. His will was duly probated, and George E. Williams, the executor therein named, was duly appointed executor thereof, was duly qualified, and administered said estate. On January 5, 1897, upon the petition of the plaintiff herein, a decree of final distribution of said estate was duly made and entered, by which the land agreed to be purchased by the defendant from the plaintiff, and which is involved in this action, was distributed in fee to the plaintiff, and said decree was recorded in the office of the county recorder of Sacramento county on January 27, 1898.

The only objections made by the defendant to the title to the land embraced in said contract are based upon the construction which he gives to said will, which construction, he contends, leaves the title questionable. But it is stipulated that more than a year had elapsed after the decree of distribution was entered, and that it remained unmodified, unreversed, and unappealed

from; nor is the jurisdiction of the court which made the decree assailed. The decree was necessarily a judicial construction of the will and of the several interests of the distributees, and cannot be assailed collaterally. There is no doubt or uncertainty in the decree itself as to plaintiff's title, and to that alone are we permitted to look. In *Crew v. Pratt*, 119 Cal. 139, it was held that the distribution of an estate is a proceeding *in rem*, and the action of the court making the distribution binds the whole world, and is equally conclusive upon every claimant, whether his claim is presented or whether he fails to appear, subject only to be reversed, set aside, or modified upon appeal, and its decree cannot be collaterally attacked for any error committed therein. (See, also, *Matter of Trescony*, 119 Cal. 570; *Goldtree v. Allison*, 119 Cal. 344; *Goad v. Montgomery*, 119 Cal. 552; 63 Am. St. Rep. 145; *Cunha v. Hughes*, 122 Cal. 111; 68 Am. St. Rep.

The judgment should be affirmed.

Gray, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Harrison, J., Van Dyke, J., Garoutte, J.