BOE, APPELLANT *v.* HAWES ET AL., RESPONDENTS.

(No. 1,571.)

*Appeal—Implied Finding—Record on Appeal—Preservation of Evidence—Review.*

In an action tried to the court, defendants denied all the allegations of the complaint and specially pleaded the statute of limitations. On appeal by plaintiff from the judgment, the only assigned error was that "the court erred in giving judgment against appellant, for in so doing he evidently held the statute of limitations had run against the action." *Held,* that as there was nothing in the record disclosing the reason why the court found and entered judgment in favor of defendants, it would be presumed— under the doctrine of implied findings—that the court found that the plaintiff failed to make out a *prima facie* case on the merits, hence, the evidence not being in the record, the judgment must be affirmed.

*Appeal from District Court, Flathead County; D. F. Smith, Judge.*

ACTION by Christ Boe against Ira Hawes and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

*Mr. David Ross,* and *Mr. F. Joe Rice,* for Appellant.

PER CURIAM.—This action was brought against the defendants as sureties on the official bond of one Eugene M. McCarthy, constable. In the answer to the plaintiff's complaint, defendants denied all the allegations thereof, and specially pleaded the statute of limitations. The cause was tried to the court without a jury, and witnesses were sworn for the plaintiff. The

court found for and entered judgment in favor of the defendants and against the plaintiff. The evidence is not in the record. Plaintiff appeals from the judgment.

The only assigned error is that "the court erred in giving judgment against appellant, for in so doing he evidently held the statute of limitations had run against the action." There is not anything in the record disclosing the reason why the court found for and entered judgment in favor of the defendants. While not passing upon the question whether the court erred in its decision upon the point as to the statute of limitations— if it made one—we may and do say that, even if it erroneously found that the statute had run, it would not follow that the judgment should be reversed, for the reason that the court may have found that the evidence of the plaintiff did not make out a *prima facie* case on the merits.

Under the doctrine of implied findings which prevails in this state, it must be presumed that the court correctly found in favor of the defendants.

There not being any of the evidence in the record, we cannot say that the court erred in finding for the defendants.

*Affirmed.*