GENEVA L. DILLENBECK, Appellant, v. SAMUEL J. PINNELL, *et al.*, Appellees.

**Wills:** TRUSTS. LIFE ESTATE: REMAINDER. Testator devised one half of his entire estate to his daughter, an only child, and a life estate in the other half to his wife. Upon his death the devisees joined in a conveyance of the entire estate, each receiving one half the proceeds. On the death of the wife the daughter brought suit in equity, based on the will, to recover the reaminder of her estate. *Held*, that the will did not constitute the widow a trustee for the daughter of the remainder of her estate, and in the absence of a showing of the terms on which the wife received the one half interest, recovery by the daughter of the remainder could not be had on the theory that she held it in trust.

*Appeal from Union District Court.*—HON. H. M. TOWNER, Judge.

SATURDAY, OCTOBER 10, 1903.

, THE opinion states the case.—*Affirmed.*

*Sullivan & Sullivan* for appellant.

*D. W. Higbee* for appellees.

WEAVER, J.—Plaintiff is the daughter of William C. Seaton, who died testate in the state of Illinois, September 22, 1853. By the terms of his will, Seaton devised one-half of his entire property, real and personal, to plaintiff, who was his only child and heir, and gave a life estate in the other one-half to his wife, Malinda Seaton. The will made no provision over as to the remainder after the death of the wife, and the same is doubtless to be governed by the statute regulating the descent of property of deceased persons. In the year 1855 Malinda Seaton was married to one Pinnell, by whom she had children, who are the par-

ties defendant in this action. After plaintiff arrived at her majority, she united with her mother in making sale and conveyance of all the lands of which Seaton died seised, the last of such sales being made in the year 1873. The money arising from this disposition of the property was at the time divided equally between the mother and daughter. There is evidence tending to show that at the time of such division plaintiff asked her mother to give security for the fund thus received, but she refused to accede to such request. Whether this refusal was based upon a claim of absolute ownership by Mrs. Pinnell, or upon grounds not inconsistent with plaintiff's claim, is a matter of dispute between the witnesses. On April 8, 1900, Mrs. Pinnell died testate, leaving the bulk of her estate to the children of her second marriage. In addition to these facts, plaintiff alleges that Mrs. Pinnell, in her lifetime, invested a part of the moneys received by her from the sale of the Seaton lands as aforesaid in the purchase of certain other lands in Iowa and Nebraska; and she therefore asks that such lands so purchased be decreed to have been held by Malinda Pinnell in trust for the use and benefit of plaintiff, and that plaintiff be now held and decreed to be the real owner thereof. The defendants deny plaintiff's claim, and plead the statute of limitations. Plaintiff also filed the same demand as a claim in probate, asking that the same be allowed and ordered paid from the estate of said Malinda Seaton. The district court found for the defendants, denying the relief demanded, and plaintiff appeals.

I.   Appellant rests her claim for relief upon the single ground that the will of William O. Seaton operated to create an express trust in Malinda Seaton for the benefit of plaintiff, that equity will follow the trust fund into the property in which it was invested, and that the statute of limitations will not serve to bar plaintiff's right to demand an accounting. Counsel say: "We insist, then, the wil

of William C. Seaton created an express trust in Malinda Seaton; that the legal title to these premises was in Geneva Seaton, with life estate in Malinda Seaton, and the change from real to personal property did not change the trust character in the proceeds, and Geneva Seaton still had the right to the one-half her mother received at the date of her deed, at the time of the mother's death. We now insist the will is to govern in this case, and declares an express trust. We cannot believe this instrument, sacred as any that may be written, can be set aside, except by the clear and unmistakable intent of the parties." The argument seems to rest upon a misapprehension of the nature and definition of the term "trust" as used in the law. Justice Story defines it as "an equitable right, title, or interest in property, real or personal, distinct from the legal ownership thereof." 2 Story's Equity Jurisprudence, section 964. It has also been defined as existing "where property is conferred upon and accepted by one person on terms of holding, using, or disposing of it for the benefit of another." *Mannix v. Purcell*, 46 Ohio St. 102 (19 N. E. Rep. 572 L. R. A. 753, 15 Am. St. Rep. 562). Also as "where the legal interest is in one person, and the equitable in another." *Wallace v. Mainwright*, 87 Pa. 263. Ordinarily speaking, a trust implies a co-operation of three parties—a trustor, or a person who creates or establishes the trust; a trustee, or person who takes and holds the legal title to the trust property for the benefit of another; and a *cestui que* trust, or person for whose benefit the trust is created. Now, in the case before us, when the testator gave to his wife a life estate in the land, and left the remainder over to his daughter, he created no trust whatever. The daughter thereby became the legal owner of the fee in remainder, and the wife became the legal owner of an estate for life in the same property. Neither held anything "in trust" for the other. Each held her separate and distinct legal estate for her

own separate use, profit, and benefit. Neither held an equitable right or title in the land, distinct from the legal ownership. Either could sell or convey her estate entirely independent of the other, and without being required to account to the other. While equity may interfere to prevent waste or destruction of the property in which these separate estates exist, it is nevertheless true, as a rule, that the mutual rights and obligations of the life tenant and remainderman are matters of legal cognizance, while those existing between trustee and *cestui que* trust are cognizable only in equity. Holding these separate estates, plaintiff and her mother could, by uniting in a sale and conveyance, merge the life estate into the fee, and vest their purchaser with the entire title. This was not a "setting aside" of the will, as suggested by counsel, but was the exercise of a legal right under the will. Plaintiff was under no obligation to sell her interest. She could have refused to convey, and in such case would have been entitled to possession of the land upon the death of the mother. She saw fit, however, to unite in the conveyance, and to permit her mother to receive one-half of the moneys thus realized. This act was purely voluntary on plaintiff's part, and her right to recover such moneys depends not upon the will, but upon the contract or agreement, if any there was, between her and her mother. It would have been entirely competent for plaintiff to have insisted, as a condition of her uniting in the conveyance, that a portion of the moneys be set apart or held as a trust fund for her benefit, or that the mother should hold such moneys as she held the land—for life only, with remainder over to the plaintiff. It was also competent for the parties to commute or extinguish the mother's life interest by the payment to her of a present sum in such amount as they might agree upon, but unfortunately there is little or no competent evidence as to the nature or terms of such agreement, if any there was. There is nothing whatever

to indicate the creation of an express trust, and no claim is made of any trust by implication or construction. The only indication that plaintiff then supposed or believed she had any right left in the moneys received by her mother is the testimony already noted to the effect that she requested her mother to secure its final payment to her. It is not claimed that a promise of such payment or security was demanded as a condition of the conveyance, or that the mother ever expressly agreed or undertook to hold the fund for life only. Indeed, the apparent preponderance of the competent testimony upon that point is that Mrs. Pinnell at the time repudiated plaintiff's claim to any interest in said fund, and claimed it as her own. In the absence of other evidence, and in view of all the circumstances, we are justified in assuming that the money received by the mother was so received by agreement or by acquiescence of said parties as the then present value of her life estate in the lands, or, if such be not the case, then there is nothing before us to indicate that said parties thereafter stood in any other relation than that of ordinary debtor and creditor, and that plaintiff's right of action, if any she ever had, is barred by the statute of limitations. Certain it is, the express trust upon which plaintiff bottoms her alleged right of recovery has not been made out.

The judgment of the trial court is therefore AFFIRMED.