SOLEM, RESPONDENT, v. CONNECTICUT FIRE INSURANCE CO., APPELLANT.

(No. 2,833.)

(Submitted May 21, 1910.  Decided June 6, 1910.)

[109 Pac. 432.]

*Fire   Insurance—Arbitration—Effect—Defenses—False   Statements—Complaint—When  Proof  Against  General  Demurrer.*

Complaint—When Proof Against General Demurrer.
 1.   The rule that if, upon the facts alleged in the complaint, the plaintiff is entitled to the relief demanded, or to any relief, the pleading is proof against a general demurrer, applies also to each count of the complaint.

Fire Insurance—Arbitration—Effect.
 2.   Where the parties to a contract of fire insurance upon destruction of the property agree to submit the amount of loss to arbitration, the award fixes the amount of loss sustained and is binding upon both parties; so that the insured cannot maintain an action upon the policy and have a readjustment of the loss, without first having the award set aside.

Same—Defenses—False Statements—Pleading.
 3.   The defense that a policy of fire insurance became void under one of its provisions because of false statements made by the insured in the proof of loss must be pleaded, otherwise it will be deemed waived; and the fact that defendant company did not become aware of the falsity of such statements until trial was not any excuse for failure to interpose an appropriate plea, since leave to amend its answer might then have been asked.

.. *Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by S. L. Solem against the Connecticut Fire Insurance Company of Hartford, Connecticut.  Judgment for plaintiff, and defendant appeals therefrom and from an order denying it a new trial.  Modified and affirmed.

*Mr. M. P. Gilchrist,* and *Mr. W. D. Kyle* submitted a brief in behalf of Appellant.  *Mr. Gilchrist* argued the cause orally.

*Messrs. Breen & Hogevoll* filed a brief in behalf of Respondent. *Mr. Hogevoll* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the ·court.

The complaint in this action contains two counts, and, while they are labeled "causes of action," it is manifest that the plaintiff sought to state but a single cause of action in two separate ·counts. The first count declares upon the policy of fire insurance; the second alleges the making of the contract of insurance ·on October 14, 1907, by which certain property belonging to the plaintiff was insured for one year for $1,225. It gives a general ·description of the property, alleges the destruction of it by fire ·on February 19, 1908, and the loss suffered by plaintiff by reason thereof; that plaintiff furnished the required proof of loss; that thereafter, on May 12, 1908, plaintiff and defendant entered into an agreement, a copy of which is set forth, by which the amount of plaintiff's loss was submitted to a board of appraisers; that pursuant to such agreement the appraisers qualified, met, appraised plaintiff's loss, and made their return, in which plaintiff was awarded $963.07. This second count then contains paragraph 8, as follows: "(8) This plaintiff further alleges that he is satisfied with the said award in so far as the said appraisers estimated the loss and valued the property that the said appraisers undertook to appraise; but this plaintiff alleges that the said arbitrators wrongfully refused to appraise the following described property." And this is followed by an itemized list of property, the loss upon which was estimated by plaintiff at $386.20. It is then alleged that the plaintiff fully complied with all the terms and conditions of the policy binding upon him, but that defendant has refused to pay the amount of the award or the amount which plaintiff claims for loss sustained by him upon goods not appraised. A general demurrer to each count was overruled, and defendant answered. Issues were joined upon the allegations of the first count. The answer to the second count admits the corporate existence of the defendant company, the making of the agreement submitting the loss to arbitration, the appraisement and award, and denies every other allegation of the count. The trial resulted in a verdict and judgment in

favor of the plaintiff, for $1,200.  By direction of the court the plaintiff remitted from the amount of the judgment $81.75, and defendant has appealed from the judgment and order denying it a new trial.

It is the rule in this state that if, upon the facts alleged in the complaint, the plaintiff is entitled to the relief demanded, or to any relief, the complaint is proof against a general demurrer. (*Donovan* v. *McDevitt,* 36 Mont. 61, 92 Pac. 49.)  The same rule applies to each count of the complaint.  This judgment cannot be sustained upon the first count.  When the parties agreed to submit the amount of plaintiff's loss to arbitration, and pursuant to such agreement the appraisers made their award, such award, unless set aside, was binding upon both parties, and fixed the amount of plaintiff's loss.  (*Springfield Fire & Marine Ins. Co.* v. *Payne,* 57 Kan. 291, 46 Pac. 315; Kerr on Insurance, sec. 217; Elliott on Insurance, sec. 317; 4 Joyce on Insurance, secs. 3247, 3250; Clement on Fire Insurance, p. 175; *Georgia Home Ins. Co.* v. *Kline,* 114 Ala. 366, 21 South. 958; 2 Am. & Eng. Ency. of Law, 2d ed., 794; 3 Cyc. 728; Revised Codes, secs. 7365–7374.)  *Randall* v. *Phoenix Ins. Co.,* 10 Mont. 362, 25 Pac. 960, might on first impression appear to hold to a contrary view, and we do not agree with much that is said in that case; but the court remarks: "The observations in this case should be read in connection with the case of *Randall et al.* v. *American Fire Ins. Co.*" (10 Mont. 340, 24 Am. St. Rep. 50, 25 Pac. 953).  The case of *Randall* v. *American Fire Ins. Co.,* discloses at once the theory upon which the court was proceeding in the *Phoenix Case;* and, assuming, for the purposes of this appeal, the soundness of the decision in the *American Case,* there does not appear to be anything in the decision in that case to justify the language used in the *Phoenix Case.* Since the amount of plaintiff's loss was fixed by the award, he cannot maintain an action upon the policy and have a readjustment of the loss without having the award set aside; and the first count of the complaint may, therefore, be dismissed from further consideration.

41 Mont.—23

The plaintiff cannot rely upon the award, and at the same time ask to have it set aside. He may do either, but he cannot do both. However, the second count discloses that the plaintiff does not seek to have the award set aside, but does rely upon it; and while under certain circumstances he might in one cause of action sue for the amount of the award, and in another for the loss which he sustained upon goods covered by the policy of insurance, but which was not made subject to the appraisement, he has not done so in this instance; but his cause of action for the amount of the award is not vitiated by the other allegations in this second count, which may properly be treated as surplusage. This view requires the judgment to be reduced to the amount of the award in any event.

The second count appears to contain every necessary allegation in an action for the amount of the award (11 Ency. of Pl. & Pr. 411); and the demurrer to this count and the objection to the introduction of any evidence were properly overruled. While we are left somewhat in doubt as to the theory upon which the cause was tried in the district court, it is incumbent upon us to sustain the judgment, in whole or in part, if it can be done upon any rational theory. Without reviewing the evidence in detail, it is sufficient to say that it supports the cause of action stated in the second count as we have analyzed it; and plaintiff was therefore entitled to judgment for the amount of the award, unless reversible error was committed upon the trial.

Plaintiff offered in evidence the proof of loss which he made prior to the appraisement. This proof was in the form of an itemized statement, verified by plaintiff. One of the items enumerated in this statement is a piano, upon which plaintiff fixed a valuation of $250 and claimed a loss in that amount. It appeared also that after this proof of loss was made, plaintiff was examined under oath by the adjuster for the insurance company, and upon such examination he testified that he purchased the piano in Minneapolis and paid for it $250. Upon his cross-examination while a witness in his own behalf upon the trial of this case, he was made to testify that he purchased the piano

in Butte and paid but $100 for it.  He testified, however, that he had repairs made upon it, which increased its cost to about $180.  The policy of insurance contains this provision: ''The entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; * * * or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.''  In view of the apparent conflict between the statements made by the plaintiff in his proof of loss and before the adjuster, and the evidence given upon the trial relating to this piano, defendant requested the court to give instruction 6a, but the request was denied, and there was not any instruction given upon the same subject.  The requested instruction recites the provision of the policy above, and then continues: ''This provision of the policy is binding upon the insured, and if you believe, from the evidence, that S. L. Solem willfully and intentionally swore falsely regarding his interest in the property alleged to have been destroyed, or that he willfully and intentionally swore falsely regarding any item thereof, then the policy became void and he cannot recover.'' Appellant insists that since it did not become aware of this seemingly false statement until the trial of the cause, the instruction should have been given, even though such false statement was not pleaded as a defense to the plaintiff's right to recover under any view of the case; and 2 Abbott's Trial Briefs, 1635, is cited to support the contention.  The author of the text, however, refers only to one case, *McFetridge* v. *American Fire Ins. Co.*, 90 Wis. 138, 62 N. W. 938, and the decision of the Wisconsin court does not sustain appellant's contention at all; while the well-nigh universal rule is, that to avail itself of such a defense, the defendant must have specially pleaded it.  (11 Ency. of Pl. & Pr. 422; *Greiss* v. *State Investment & Ins. Co.*, 98 Cal. 241, 33 Pac. 195.)  And the reason for the rule is apparent. The provision of the policy quoted above is for the exclusive benefit of the insurance company and may be waived by it.  (8

Current Law, 430, and cases cited.)     Being for the special bene-fit of the company, it will be deemed to have been waived unless pleaded.     And it does not avail the defendant company to say that its failure to make the proper plea arose from the fact that it first discovered that a false statement had been made at the time of the trial; for it was not too late then for the defendant to ask leave to amend its answer and interpose an appropriate plea, and, having failed to do so, the issue was not before the jury, and the offered instruction was properly refused.

The conclusion we have reached as to the character of this action of itself disposes of the other assignments of error.     The cause is remanded to the district court with directions to modify the judgment by reducing the amount thereof to $963.07, to-gether with interest at eight per cent per annum, from July 20, 1908, sixty days after the date of the return of the appraisers, and for costs incurred in the district court; and, when so modi-fied, the judgment will stand affirmed.     The respondent will recover his costs in this court.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.