No. 86-19

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

MISSOULA RURAL FIRE DISTRICT,
MISSOULA RURAL VOLUNTEER FIREMEN'S
ASSOCIATION, and VAN W. TARR,

       Plaintiffs and Appellants,

  -vs-

MISSOULA COUNTY,

       Defendant and Respondent.

---

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        M. Richard Gebhardt, Ronan, Montana

    For Respondent:

        Robert L. Deschamps, III, County Attorney, Missoula,
Montana

---

Submitted on Briefs: March 6, 1986

Decided:  June 19, 1986

Filed:   JUN 19 1986

_____

Clerk

Mr. Justice L. C. Gulbrandson delivered the opinion of the Court.

Plaintiffs, Van Tarr, the Missoula Rural Fire District, and the Missoula Rural Volunteer Fireman's Association appeal a Missoula County District Court order granting summary judgment to respondent Missoula County. No facts are disputed and the sole issue on appeal is whether § 7-33-2314, MCA, exempts volunteer firefighters from paying the general road tax authorized by § 7-14-2501, MCA. We hold that there is no such exemption and, accordingly, we affirm.

Appellant Van Tarr is a volunteer firefighter for the Missoula Rural Fire District. He owns real property in Missoula County which is subject to ad valorem road taxes. In 1985 Tarr presented a claim to Missoula County requesting a refund of ad valorem road taxes paid by him since 1980. He based his claim on § 7-33-2314, MCA, which provides:

> The officers and members of regularly organized unpaid fire companies and exempt firefighters are entitled to the following privileges and exemptions:
>
> (1) exemption from payment of poll tax, road tax, and head tax of every description;
>
> (2) exemption from military duty except in case of war, invasion, or insurrection.

Tarr seeks an exemption from the § 7-14-2501, MCA, tax. That statute, entitled General road tax authorized, allows each board of county commissioners to levy a general tax upon the taxable property in the county. All money collected under that section belongs to the county road fund.

Missoula County denied Tarr's claim for a refund. In July 1985 Tarr, joined as a plaintiff by the Missoula Rural Fire District and the Missoula Rural Volunteer Firemen's

2

Association, filed a complaint in Missoula County District Court seeking a declaratory judgment exempting all qualified volunteer firefighters from road taxes in Missoula County. The complaint also sought a refund of the road taxes paid by those qualified volunteer firefighters.

The county filed an answer to the complaint alleging that the complaint failed to state a claim upon which relief could be granted. In October 1985 the county filed a motion for summary judgment. In December of that year the District Court issued its opinion and order granting the county's motion for summary judgment. The District Court found the exemption statute, § 7-33-2314, MCA, to be riddled with ambiguity. The court further found that the exemption statute referred to an archaic, fixed sum, per capita road tax previously codified at § 2640, Political Code of 1895. The court denied that the exemption statute was intended to exempt firefighters from the ad valorem, property road tax now in existence. This appeal followed.

As stated the only issue is whether the District Court properly granted summary judgment in respondent's favor in ruling that certain firefighters have no exemption from the § 7-14-2501, MCA, general road tax on property.

> The standard of review is clear. Summary judgment is only proper under Rule 56(c), M.R.Civ.P., where the record discloses that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

Mutual Service Cas. Ins. Co. v. McGehee (Mont. 1985), 711 P.2d 826, 827, 42 St.Rep. 2038, 2039-40.

The statute at issue, § 7-33-2314, MCA, provides certain volunteer firefighters with an "exemption from payment of poll tax, road tax, and head tax of every

3

description . . . " This section was originally enacted in 1895. The road tax at that time was codified at § 2640, Political Code of 1895, and provided:

> There must be levied and collected on all taxable property in the county not less than one mill nor more than two mills on the dollar for road purposes, also a special road tax of three dollars on each able-bodied man over the age of twenty-one years residing in each road district. Said special road tax shall be due and payable to the county assessor before July first, of each year, and the county assessor shall collect such special road tax on or before July first of each year in the manner provided by law for the collection of a poll tax. All special road taxes collected by him must be paid into the county treasury monthly, and placed to the credit of the road fund of the road district in which the same is collected.
>
> The county assessor shall, on or before the first day of July of each year, deliver or mail to each road supervisor a list of the names of all male persons in each supervisor's road district who have failed to pay their special road tax for the year, and from whom, to the assessor's best knowledge and belief, said tax cannot be collected in cash.
>
> Any person whose special road tax is unpaid by July 1st of each year, and who has no property subject to seizure, or other means of paying cash, shall perform one day's labor of eight hours on the public highways or bridges at any reasonable time and place designated by the road supervisor.

The poll tax was imposed by § 3960, Political Code of 1895; "Every male inhabitant of this State over twenty-one and under sixty years of age, except paupers, insane persons, and Indians, not taxed, must annually pay a poll tax of two dollars." This Court declared that poll tax unconstitutional in 1922 in State v. Gowdy (1922), 62 Mont. 119, 203 P. 1115.

The exemption statute also refers to a head tax, which at the time this statute was enacted was authorized by

4

§ 4230, Political Code of 1895. That statute authorized counties to impose a $2 per capita tax to provide for the care and maintenance of the indigent, sick and poor. In 1967 the Montana Legislature amended that statute to eliminate the possibility of a per capita tax for the county poor fund.

In construing a statute, the intent of the legislature controls. Section 1-2-102, MCA; State v. Hubbard (Mont. 1982), 649 P.2d 1331, 39 St.Rep. 1608.

> The intention of the legislature must first be determined from the plain meaning of the words used, and if interpretation of the statute can be so determined, the courts may not go further and apply any other means of interpretation. [Citations omitted.] Where . . . the language of the statute is plain, unambiguous, direct and certain, the statute speaks for itself and there is nothing left for the court to construe. [Citation omitted.]

Hubbard, 649 P.2d at 1333.

The exemption statute at § 7-33-2314, MCA, refers to two per capita taxes, § 4230 and § 3960 of the Political Code of 1895, which are no longer in existence. Consequently, we hold that the exemption statute is ambiguous, unclear and in need of statutory construction.

The 1889 Montana Constitution was in effect at the time that the exemption statute was passed. Article XII, § 2 of the 1889 Constitution provided that:

> The property of the United States, the state, counties, cities, towns, school districts, municipal corporations and public libraries shall be exempt from taxation; and such other property as may be used exclusively for the agricultural and horticultural societies, for educational purposes, places for actual religious worship, hospitals and places of burial not used or held for private or corporate profit, institutions of purely public charity and evidences of debt secured by mortgages of record upon real

5

or personal property in the state of
Montana, may be exempt from taxation.

In addressing this section of the Constitution, the Montana
Supreme Court stated:

> While the language is permissive in form,
> it is prohibitory in effect. The
> Legislature may extend the exemption to
> the property enumerated, but it cannot go
> further or include any other. This is
> the construction uniformly placed upon
> such provisions, and is commanded by the
> rule of interpretation contained in the
> Constitution itself. Section 29, art.
> 3 . . . All other property within the
> state is liable to taxation. Section
> 2498, Rev. Codes.

Cruse v. Fischl (1918), 55 Mont. 258, 263, 175 P. 878, 880.

Furthermore, "[t]he section is to be strictly construed, and

contains a description of all property which may be exempted

from taxation." Town of Cascade v. County of Cascade (1926),

75 Mont. 304, 308, 243 P. 806, 807.

The 1889 Constitution does not include firefighters'

property among those types of property which may be exempted

from taxation. Thus, if the 1895 Legislature intended the

exemption statute to exempt firefighters' property from

taxation, the statute would be unconstitutional under Cruse

and Town of Cascade. We decline to conclude that the

Legislature intended to pass an unconstitutional statute.

"An interpretation that gives effect is always preferred over

an interpretation that makes the statute void or treats the

statute as mere surplusage." American Linen Supply Co. v.

Dept. of Revenue (Mont. 1980), 617 P.2d 131, 133, 37 St.Rep.

1707, 1709; citing § 1-3-232, MCA.

The road tax in effect when the tax exemption statute

was passed, § 2640, Political Code of 1895, provided for a

per capita road tax and a property (mill levy) road tax. We

hold that the legislature intended the exemption statute to

exempt firefighters from the per capita road tax and not from the property road tax. This interpretation gives effect to the statute and does not render it unconstitutional as would an interpretation exempting firefighters' property.

Appellant contends that this Court should not consider respondent's argument that the exemption statute could not apply to the per capita road tax because the exemption would violate the constitutional section quoted above. Appellant correctly states that respondent did not advance this argument at the District Court level. Although that may be true, this Court can properly consider the argument. "Where the conclusion of the District Court is correct, it is immaterial, for the purpose of affirmance on appeal, what reasons the District Court gives for its conclusion." Norwest Bank Billings v. Murnion (Mont. 1984), 684 P.2d 1067, 1071, 41 St.Rep. 1132, 1136; citing Bolz v. Myers (1982), 200 Mont. 286, 295-296, 651 P.2d 606, 611.

The rule in Montana is that ". . . every claim for exemption from taxation should be denied unless the exemption is granted so clearly as to leave no room for any fair doubt." Buffalo Rapids Irr. Dist. v. Colleran (1929), 85 Mont. 466, 471, 279 P. 369, 370; quoting Cruse, 175 P. at 881. This rule supports our conclusion that appellant should be denied a tax exemption and that the exemption statute was meant to exempt firefighters from the 1895 per capita road tax and not the property road tax.

This conclusion is further supported by the fact that the other two taxes mentioned in the exemption statute, the poll tax and the head tax, are also per capita taxes. Thus, our holding conforms to the statutory scheme. For the above

7

reasons, we affirm the District Court's order granting summary judgment in respondent's favor.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8