JUSTICE McDONOUGH
delivered the Opinion of the Court.
This is an appeal from an order and declaratory judgment of the Eighth Judicial District, Cascade County. The District Court ruled that the collective bargaining strategy exception to the open meeting law, Sec. 2-3-203(4), MCA, is constitutional. We reverse.
We address the following issue:
Is Sec. 2-3-203(4), MCA, the collective bargaining strategy exception to the open meeting law, constitutional under Article II, Section 9, of the Montana Constitution?
Appellant raises an additional issue regarding the District Corut’s refusal to compel discovery of the subject matter of closed meetings. Because we determine the collective bargaining strategy exception to be unconstitutional, the motion to compel need not be addressed.
This action stems from labor negotiations between the respondent, Great Falls Public Schools, Board of Trustees (the Board) and a bargaining unit of teacher’s aides and library aides. The Board engaged a fact-finder to conduct a hearing and make a report and recommendation to the Board in regard to the negotiations for a new bargaining agreement. After the fact-finder entered a written report, dated July 17, 1990, the Board issued an agenda in which it announced that on September 10,1990, a closed meeting would be held to discuss matters related to the fact-finder’s report. The appellant, Great Falls Tribune Company (the Tribune) contacted the Board and, pursuant to the open meeting law, requested the meeting be open. The Board agreed to conduct the meeting in open session.
At the September 10,1990 meeting, there were neither discussions nor deliberations with respect to the report. Instead, the Board moved that the report be rejected, a vote was taken and nothing further in regard to the report took place. There is a factual dispute regarding whether or not the Board conducted discussions relating to the fact-finder’s report outside of and prior to the September 10, 1990 meeting. The Tribune alleges that discussions between members of the Board were held privately, specifically to avoid the requirements of the open meeting law. The Board denies such meetings occurred, suggesting that any discussions that may have taken place prior to the September 10, 1990 meeting were not “meetings” within the meaning of the applicable law. Further, it argues that any meetings *128 that may have taken place were entitled to be secret because they pertained to collective bargaining strategy.
The Tribune initially filed this action against the Board alleging violation of the open meeting laws and the “right to know” provision of Sec. 2-3-203, MCA, and Article II, Section 9, of the Montana Constitution. The Board filed a counterclaim requesting declaratory judgment that meetings held by the Board were lawful and proper and that the collective bargaining strategy exception to the open meeting law, Sec. 2-3-203(4), MCA, is constitutional. The court granted the Board’s motion for summary judgment on its counterclaim holding that the collective bargaining strategy exception is constitutional and was properly invoked. This appeal followed.
Section 2-3-203(4), MCA provides:
Meetings of public agencies and certain associations of public agencies to be open to the public - exceptions.
(4) However, a meeting may be closed to discuss a strategy to be followed with respect to collective bargaining or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the public agency.
The constitutionality of a legislative enactment is prima facie presumed, and every intendment in its favor will be presumed, unless its unconstitutionality appears beyond a reasonable doubt. Fallon County v. State (1988), 231 Mont. 443, 445, 753 P.2d 338, 339.
The Tribune contends that the collective bargaining strategy exception is constitutionally infirm because it expands on the limited exception allowed under Article II, Section 9, of the Montana Constitution. Article II, Section 9, of the Montana Constitution provides:
Right to Enow. No person shall be deprived of the right to examine documents or to observe the deliberations of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure.
Essentially, the Tribune argues that under Article II, Section 9, a public agency may close meetings for the sole purpose of protecting individual privacy. The Tribune contends, and we agree, that the instant case does not involve a matter of individual privacy but instead involves a public agency desiring privacy.
To determine the meaning of a constitutional provision we employ the same rules of construction employed to construe statutes. *129 Keller v. Smith (1976), 170 Mont. 399, 553 P.2d 1002. The intent of the framers of a constitutional provision is controlling. The intent should be determined from the plain meaning of the words used. If that is possible, we apply no other means of interpretation. State v. Cardwell (1980), 187 Mont. 370, 609 P.2d 1230.
The Board argues that Article II, Section 9, of the Montana Constitution is ambiguous because the word “deliberations” is not clearly defined. The plain meaning of “deliberations” allegedly fails to clearly provide the intended scope of Article II, Section 9, and therefore, the Board argues, it is appropriate to resort to extrinsic aids and rules of construction. The dispositive issue is whether Article II, Section 9, requires a balancing of the right to know with other constitutional provisions and policy considerations or whether individual privacy is the only matter against which the right to know should be balanced.
We have clearly held that Article II, Section 9, of the Montana Constitution is unambiguous and capable of interpretation from the language of the provision alone. Great Falls Tribune v. District Court (1980), 186 Mont. 433, 437, 608 P.2d 116. Associated Press v. Board of Education (1991), 246 Mont. 386, 804 P.2d 376. In Associated Press, we noted Article II, Section 9, to be “unique, clear and unequivocal” and held that:
We are precluded, by general principles of constitutional construction, from resorting to extrinsic methods of interpretation.
Associated Press, 246 Mont. at 391, 804 P.2d at 379. We decline the Board’s invitation to revisit the already settled question of whether we will use extrinsic aids or rules of construction to interpret Article II, Section 9, of the Montana Constitution. We conclude that Article II, Section 9, is clear and unambiguous and does not require extrinsic aids or rules of construction to ascertain its intent that all meetings shall be open except when individual privacy matters are implicated.
Article II, Section 9, clearly instructs that when the demand for individual privacy exceeds the merits of public disclosure, the public’s right to know may be limited. The right to know provision was designed to provide the public information to enable citizens to determine the propriety of governmental actions. Mountain States v. Department of Pub. Serv. Reg. (1981), 194 Mont. 277, 285, 634 P.2d 181, 186-187.
The Board argues that Article II, Section 9, is subject to balancing against other constitutional provisions. Specifically, the Board argues Article X, Section 8, of the Montana Constitution, *130 among others, provides school boards supervision and control of schools in their district. Supervision and control is argued to include a duty to bargain effectively and to spend monies in an effective and responsible manner. The Board urges this Court to make a policy determination whereby the duty to supervise the school district is balanced against the right to know provision of the Constitution.
We are not persuaded by the Board’s argument. First, Article II, Section 9, is not necessarily in conflict with the other constitutional provision as the Board asserts. The Board’s duty to supervise and control its district is not necessarily thwarted by opening its collective bargaining strategy sessions. Second, the Board fails to present a matter of individual privacy as mandated by the Constitution to create an exception to the open meeting law. Third, despite the mandate of power given the local boards to control their schools, Article X, Section 8, does not confer on school boards the power to act in violation of express guarantees contained in the Constitution. For example, school boards must comply with Article II, Section 13, the right of suffrage, etc. of the Constitution. The reasoning applied in Associated Press at 391, 804 P.2d at 379, applies here. We stated as follows:
First and foremost, is the realization that the Constitution is the supreme law of this State. Its mandate must be followed by each of the three branches of government. Therefore, while this Court is authorized to adopt rules governing the practice of law, it may not enact any rule which violates express guarantees contained in the Constitution.
Such reasoning would be applicable if we adopted a procedural rule which violated the due process clause.
The Board relies on Mountain States for the proposition that this Court has engaged in a balancing of competing rights and interests when interpreting Article II, Section 9. In Mountain States, we determined that a corporation’s trade secrets were a matter of individual privacy and that because trade secrets are constitutionally protected property rights, on balance, they exceeded the merits of full public disclosure. Our ruling in Mountain States recognized and fulfilled the mandate of the public’s right to know while simultaneously protecting Mountain States property/privacy interest in trade secrets. We interpreted the section relative to a specific matter as to whether it was encompassed within the meaning of the demands of individual privacy and to the extent the privacy would be protected. Here there is a lack of any individual privacy being involved.
*131 We conclude that pursuant to the clear language of Article II, Section 9, meetings may be closed only when the need for individual privacy exceeds the merits of public disclosure. The collective bargaining strategy exception is an impermissible attempt by the Legislature to extend the grounds upon which a meeting may be closed. We conclude that Sec. 2-3-203(4), MCA, is unconstitutional and the District Court is reversed.
We have been presented with arguments as to the potential hazards of creating an uneven playing field in the statutorily provided collective bargaining arena. However, our decision is governed by the facts and issues of the case before us. The Legislature and the citizens of Montana have the plenary power to take actions necessary to alleviate or eliminate any problems which may be present, or level the playing field, all within the constraints of the Constitution. Reversed.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON, HUNT, TRIEWEILER and GRAY concur.