NO.  95-307

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

RAYMOND G. BECKY and MARGE BECKY,
individually and in behalf of their
son ROBERT BECKY, and ROBERT BECKY,
as a Petitioner himself,

Petitioners and Appellants,

v.

BUTTE-SILVER BOW SCHOOL DISTRICT NO. 1,
ROBERT MILLER, and DAN PETERS, individually
and in their capacities as officers of
Butte-Silver Bow School District No. 1,

Respondents and Respondents.

FILED

NOV 21 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Second Judicial District,
                In and for the County of Silver Bow,
                The Honorable James E. Purcell, Judge presiding

COUNSEL OF RECORD:

        For Appellant:

            Alan F. Blakley, Attorney at Law,
            Missoula, Montana

        For Respondent:

            Patrick M. Sullivan, Poore, Roth & Robinson,
            Butte, Montana

                        Submitted on Briefs:  October 26, 1995

                                   Decided:  November 21, 1995

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Ray and Marge Becky, individually, and on behalf of their son, Robert, filed a petition for a writ of mandate with the District Court for the Second Judicial District in Silver Bow County in which they sought an order directing Butte-Silver Bow School District No. 1 to provide them with documents related to denial of Robert's membership in the National Honor Society. The District Court issued an alternative writ of mandate and scheduled a show cause hearing. After the hearing, the District Court denied the Beckys' petition and quashed the alternative writ of mandate. The Beckys appeal the District Court's order. We affirm the order and judgment of the District Court.

The issue on appeal is:

Did the District Court err when it denied the Beckys' petition for a writ of mandate?

FACTUAL BACKGROUND

Robert Becky is a graduate of Butte High School. During his senior year of high school (1994-1995), he became a candidate for membership in the National Honor Society by virtue of his grade point average.

The National Honor Society is an honorary organization sponsored by the National Association of Secondary School Principals to recognize outstanding high school students. It is a nonmandatory organization in which students are selected for membership by high school faculty who voluntarily evaluate the

students based on their academic achievements, leadership abilities, character, and service to their school.

Students with grade point averages of 3.3 or above, out of a possible 4.0, are eligible to become members of the National Honor Society. The names of those students who qualify academically are submitted to the participating faculty, who rate the applicants in the nonacademic categories of character, leadership, and service to the school. The teacher evaluations are submitted to a faculty council, which combines the numerical faculty evaluations for each student to arrive at a National Honor Society grade point average. The council then combines the National Honor Society grade point average with the student's academic grade point average, and offers membership to those students who meet the National Honor Society requirements.

The participation of Butte High's students and faculty in the National Honor Society is voluntary, and the school's principal does not consider these activities to be official business of the school. The National Honor Society's faculty evaluation process is done anonymously and confidentially, and the evaluation forms are not maintained by the school. In fact, there are no records kept by the school that pertain to the National Honor Society or that indicate whether a student is a member of that organization.

Robert Becky's name was submitted to the faculty of Butte High School for potential membership in the National Honor Society during his senior year. However, four of the teachers who rated Robert gave him low enough scores that he did not meet the

organization's combined requirements. Therefore, he was not selected for membership in the National Honor Society.

When Robert was not selected, his father, Ray, scheduled a meeting with Butte High School Principal Dan Peters. During the meeting, Mr. Peters explained the selection process to Ray and told him that several teachers had rated Robert low in certain categories. Mr. Peters did not release the names of those teachers.

On May 1, 1995, Ray called Mr. Peters and demanded that he release the names of the faculty members who rated his son low on the Honor Society evaluations. Mr. Peters refused to comply with the request. Also on May 1, the Beckys' attorney sent a letter to Robert Miller, Superintendent of Schools for the Butte-Silver Bow School District, in which he requested that all documents related to Robert's candidacy for the National Honor Society be released, including the names of the teachers who rated Robert and their ratings.

On May 4, 1995, the Beckys filed this action in which they requested the District Court to order the School District to provide "each and every record documenting voting for or against Robert's membership in the National Honor Society and including a list of teacher voting and the vote given by each teacher as well as the written procedures for voting."

On May 9, 1995, the School District mailed Robert's student records to the Beckys' attorney. Those records included all documents maintained by the school and subject to inspection

pursuant to School District policy. The records did not, however, include the National Honor Society evaluation documents or the names of the faculty members who rated Robert.

On May 10, 1995, the School District filed a motion to quash the alternative writ of mandate which had been issued. On May 11, 1995, a show cause hearing was held, and on June 1, 1995, the District Court issued a memorandum and order in which it denied the Beckys' application for a permanent writ of mandate, quashed the alternative writ of mandate, and dismissed the proceeding.

## DISCUSSION

Did the District Court err when it denied the Beckys' petition for a writ of mandate?

The grant or denial of a writ of mandate is a matter of legal interpretation for a district court which we will review to determine if it is correct. *Phillips v. City of Livingston* (1994), 268 Mont. 156, 161, 885 P.2d 528, 531. A two-part standard applies to the issuance of a writ of mandate. *State ex rel. Chisholm v. District Court* (1986), 224 Mont. 441, 443, 731 P.2d 324, 325. The writ is available where the party who applies for it is entitled to the performance of a clear legal duty by the party against whom the writ is sought. If there is a clear legal duty, the district court must grant a writ of mandate if there is no available speedy and adequate remedy in the ordinary course of law. Section 27-26-102, MCA. *See also State ex rel. Galloway v. City of Great Falls* (1984), 211 Mont. 354, 358, 684 P.2d 495, 497

In this case, the Beckys petitioned the District Court for a writ of mandate on the basis of Montana's constitutional "right to know" provision which provides:

> No person shall be deprived of the right to examine documents . of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure.

Mont. Const. art. II, § 9 (emphasis added).

The Beckys asserted that all records or documents kept by the School District constitute public records pursuant to § 2-6-401(2), MCA, and are thus subject to examination as provided by Article II, Section 9, of the Montana Constitution.

The District Court based its order denying the Beckys' application for writ of mandate on an Alabama case which was initiated by the parent of a student who had been denied admission to an honorary society and who sought to have his daughter admitted to that society. The parent in that case filed his claim pursuant to the Civil Rights Act, *42* U.S.C. § 1983, and the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. § 1232g. *Moore v. Hynche* (Ala. 1991), 761 F. Supp. 112. The Moore court held that the appellant had no private cause of action under FERPA, 20 U.S.C. § 1232g, and that there was no property interest in membership in an honorary society.

Although the District Court concluded that Moore is "on all fours with the facts of the case at bar," we find *Moore* inapposite. In this case, the Beckys did not file their petition on the basis of any federal statute, and they did not claim that Robert had a

property interest in membership in the National Honor Society. The Beckys merely claimed access to the National Honor Society records pursuant to the "right to know" provision of the Montana Constitution. Therefore, without addressing the merits of the District Court's conclusion, we hold that the proper basis for evaluating the Beckys' petition for writ of mandate is Article II, Section 9, of the Montana Constitution. This Court will, however, uphold a district court's decision, if correct, even though its reason for that decision may have been incorrect. *Norman v. City of Whitefish* (1993), 258 Mont. 26, 30, 852 P.2d 533, 535; *District No. 55 v. Musselshell County* (1990), 245 Mont. 525, 527, 802 P.2d 1252, 1253.

Any review of Article II, Section 9, of the Montana Constitution necessarily involves a three-step process. First, we consider whether the provision applies to the particular political subdivision against whom enforcement is sought. Second, we determine whether the documents in question are "documents of public bodies" subject to public inspection. Finally, if the first two requirements are satisfied, we decide whether a privacy interest is present, and if so, whether the demand of individual privacy clearly exceeds the merits of public disclosure.

Article II, Section 9, of the Montana Constitution applies to local government. *Associated Press v. State* (1991), 250 Mont. 299, 302, 820 P.2d 421, 422 (citing V *Mont. Const. Conv. Trans.* 1670-71 (1972)). Section 2-6-401, MCA, includes "school district" within its definition of "local government." Accordingly, the provisions of Article II,

7

Section 9, apply to the School District. Therefore, since the School District is a public body for the purposes of the "right to know" provision, we must determine whether the National Honor Society documents at issue constitute public documents for purposes of public inspection.

We first note that the Montana Constitution does not define "documents . . of . . public bodies" and that the issue of what constitutes such documents has not previously been addressed by this Court. What constitutes a "public writing" has, however, been addressed by the Montana Legislature. *See* §§ *2-6-101, -102. See also* § 2-6-401(2), MCA, which defines "public records." Although the Montana Constitution is the supreme law of the state and preempts contrary statutes or rules, *Associated Press v. Board of Pub. Educ.* (1991), *246* Mont. *386, 804* P.2d 376, this Court may look beyond the Constitution's specific language to interpret a constitutional provision when an existing state statute is relevant to, and does not conflict with, the constitutional provision. Since we determine that §§ 2-6-101 and -102, MCA, pertaining to the right to inspection of public writings, are relevant to our determination and do not conflict with Article II, Section 9, of the Montana Constitution when applied to the facts in this case, we will consider the statutes in our evaluation of whether the National Honor Society records are "documents of public bodies" pursuant to the Montana Constitution.

Section 2-6-101, MCA, defines "public writings":

```
(1)  Writings are of two kinds:
     (a)  public; and
     (b)  private.
     (2)  Public writings are:
     (a)  the written acts or records of the acts of the
sovereign authority, of official bodies and tribunals,
and of public officers, legislative, judicial, and
executive, whether of this state, of the United States,
of a sister state, or of a foreign country;
     (b) public records, kept in this state, of private
writings, except as provided in 22-1-1103 and 22-3-807.
     (3)  Public writings are divided into four classes:
     (a)  laws;
     (b) judicial records;
     (c)  other official documents;
     (d) public records, kept in this state, of private
writings.
     (4)  All other writings are private.
```

Section 2-6-102(1), MCA, provides that "[e]very citizen has a right to inspect and take a copy of any public writings of this state . . . ."

The documents sought by the Beckys relating to Robert's denial of membership in the National Honor Society do not fit into any of the categories of public writings or documents described by § 2-6-101, MCA, and thus, are not subject to inspection as provided in § 2-6-102, MCA. The result would be the same pursuant to § 2-6-401, MCA, which defines "public records" in the context of local governments, including school districts. The National Honor Society documents are generated by an independent nongovernmental organization for the purpose of determining membership in that organization. The documents do not record an act or acts of the School District. They do not contain information regarding school matters or the duties of School District employees. Any teachers who participate in the National Honor Society selection process and who submit evaluations to the National Honor Society do so

9

voluntarily, and are not acting in their capacities as employees of the School District. Furthermore, any private documents generated by the National Honor Society which relate to its membership selection are not maintained by the School District. In fact, the School District maintains no records for or pertaining to the National Honor Society and has no record indicating whether a student is even a member of that organization.

Accordingly, the documents contain no information which would make them "documents of public bodies," as set forth in the Montana Constitution. Although "documents of public bodies" is not defined in the Montana Constitution, it must reasonably be held to mean documents generated or maintained by a public body which are somehow related to the function and duties of that body. Since the National Honor Society documents are neither created by nor maintained by the Butte-Silver Bow School District, and since the documents are not related to the function and duties of the School District, we hold that the School District had no clear legal duty to produce the documents for the Beckys' inspection.[1] Since the documents are not public documents for purposes of Article II,

---

[1] We note that § 10.55.2002(1), ARM, lists the specific documents that must be maintained by the School District:

Each school shall keep a permanent file of students' records, which shall include the name and address of the student, his/her parent or guardian, birth date, academic work completed, level of achievement (grades, standard-ized achievement tests), immunization records . . . and attendance data.

The School District did satisfy its clear legal duty of providing these records to the Beckys.

10

Section 9, of the Montana Constitution, we need not proceed to the third step of balancing the public's right to know with the right of privacy. *See e.g. Montana Health Care Ass'n v. Board of Directors of the State Compensation Mut. Ins. Fund* (1993), 256 Mont. 146, 845 P.2d 113.

Because we find that the National Honor Society documents are not "documents of public bodies" as set forth in Article II, Section 9, of the Montana Constitution, we conclude that the District Court's order which denied the Beckys' writ of mandate was correct. We affirm the order and judgment of the District Court.

_____
                ustice

We concur:

_____
    Chief Justice

_____

_____

_____
    Justices

11

November 21. 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Alan F. Blakley
Attorney At Law
218 East Front, Suite 208
Missoula MT 59802

Patrick M. Sillivan, Esq.
Poore, Roth & Robinson, P.C.
1341 Harrison Avenue
Butte MT 59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _T. Gallagher_
Deputy