JUSTICE WARNER
concurs.
¶18 I concur with the result of the Court’s opinion. I write to address the reason Elliott claims it is not necessary to find § 15-31-511, MCA, unconstitutional in order to secure the tax information he prays for. ¶19 Senator Elliott argues the “or as otherwise provided by law” exception in § 15-31-511(1), MCA, renders the statute ineffective because “law” includes Article II, Section 9 of the Montana Constitution.[1]
¶20 Section 15-31-511(1), MCA, provides:
Except as provided in this section in accordance with a proper judicial order or as otherwise provided by law, it is unlawful to divulge or make known in any manner[.]
(Emphasis added.) Elliott points out that the “or as otherwise provided by law” exception in § 15-31-511, MCA, encompasses the Montana Constitution’s Right to Know provision, Article II, Section 9, which is set forth at ¶ 10 of the Court’s Opinion. Although what constitute “documents ... of all public bodies” is not defined in Article II, Section 9, this Court has interpreted the phrase to encompass “documents generated or maintained by a public body which are somehow related to the function and duties of that body.” Becky v. Butte-Silver Bow Sch. *200 Dist. No. 1, 274 Mont. 131, 138, 906 P.2d 193, 197 (1995). Thus, Article II, Section 9, is applicable to “public documents.” Becky, 274 Mont. at 138, 906 P.2d at 197.
¶21 The only limitation on the constitutional right to view public documents, according to Elliott, is an individual’s constitutional right to privacy. Elliott goes on to point out that this Court has held that a for-profit corporation has no individual right to privacy under the Montana Constitution. Great Falls Tribune v. Mont. Pub. Serv. Commn., 2003 MT 359, ¶ 39, 319 Mont. 38, ¶ 39, 82 P.3d 876, ¶ 39. Thus, Elliott adroitly argues that there is a loop-hole in the law which requires that the public be able to examine a for-profit corporation’s tax records. This is because Article II, Section 9, is a law which provides that the tax records of for-profit corporations are available to the public, and thus the exception in § 15-31-511(1), MCA, applies to abrogate the statute’s requirement of confidentiality.
¶22 Under this interpretation, the exception in § 15-31-511(1), MCA, would render the statute ineffective. Elliott’s counsel did not dispute this conclusion at oral argument, and acknowledged that the exception essentially swallows the statute. He pointed out, however, that the statute was effective until this Court’s decision in Great Falls Tribune .[2]
¶23 I do not conclude that the exception to § 15-31-511(1), MCA, renders the statute without effect. An interpretation that gives effect to a statute is always preferred to one that makes a statute void or treats a statute as mere surplusage. Missoula Rural Fire Dist. v. Missoula Co., 222 Mont. 178, 182, 720 P.2d 1170, 1173 (1986).
¶24 Even assuming, arguendo, that under Great Falls Tribune a for-profit corporation has no privacy interest to be weighed against the public’s right to know, the analysis does not end there. The right to privacy is not the only constitutional provision that may circumscribe the right to know provided by Article II, Section 9.
¶25 In State ex rel. Smith v. Dist. Ct. 201 Mont. 376, 654 P.2d 982 (1982), this Court considered whether the right to know could be circumscribed by the right to a trial by an impartial jury. We explained in Smith:
the “Right to Know” provision of the Montana Constitution ... is not absolute. It can be properly circumscribed when the right or *201 interest against which it competes is weighty or compelling.
Smith, 201 Mont. at 383, 654 P.2d at 986 (emphasis added). In Smith, this Court held that a pretrial suppression hearing could be excluded from the public eye “only if dissemination of information acquired at the hearing would create a clear and present danger to the fairness of defendant’s trial and no reasonable alternative means can be utilized to avoid the prejudicial effect of such information.” Smith, 201 Mont. at 385, 654 P.2d at 987.
¶26 I acknowledge that in Great Falls Tribune Co., Inc. v. Great Falls Pub. Schools, 255 Mont. 125, 841 P.2d 502 (1992), this Court concluded that “pursuant to the clear language of Article II, Section 9, meetings may be closed only when the need for individual privacy exceeds the merits of public disclosure.” Great Falls Pub. Schools, 255 Mont. at 131, 841 P.2d at 505 (emphasis added); Cf., In re Lacy, 239 Mont. 321, 325, 780 P.2d 186, 188 (1989) (“The only limitation on the right to receive this information is the constitutional right to privacy.”) (emphasis added). In my view, these statements, that it is only the right to individual privacy that can circumscribe the public’s right to know, are both overbroad and unnecessary. Neither Great Falls Pub. Schools nor Lacy involved matters other than whether an individual’s right to privacy outweighed the public’s right to know. In Great Falls Pub. Schools the Court did not overrule, nor did it discuss, Smith. The Court has continued to cite to the language in Smith that the right to know “can be properly circumscribed when the right or interest against which it competes is weighty or compelling.” E.g., Great Falls Tribune, ¶ 30 (quoting Smith, 201 Mont. at 383, 654 P.2d at 986). The rule in Smith should control in this case and I would overrule Great Falls Pub. Schools to the extent it suggests that it is only the right to privacy that may circumscribe the right to know.
¶27 In the present case, Elliott’s argument necessarily raises the issue of whether the State’s authority to tax, and its ability to enforce this authority, which is provided for by Article VIII of the Montana Constitution, is so sufficiently “weighty or compelling” that it may in appropriate circumstances circumscribe the right to know. See Lacy, 239 Mont. at 326, 780 P.2d at 189 (because the judiciary has authority over the interpretation of the Constitution, it is the courts’ duty to balance the competing interests at issue in order to determine what, if any, information should be given to a party requesting information from the government under Article II, Section 9).
¶28 The U.S. Supreme Court has long recognized the importance of the power to tax:
*202 It is admitted that the power of taxing the people and their property, is essential to the very existence of government, and may be legitimately exercised on the objects to which it is applicable, to the utmost extent to which the government may choose to carry it.
McCulloch v. Maryland, 17 U.S. 316, 428 (1819). Article VIII of the Montana Constitution gives the Legislature the power to tax. At the 1972 Montana Constitutional Convention, the Revenue and Finance Committee went so far as to suggest that putting such a power in the Constitution was unnecessary, because “the power to tax is an inherent power of the state, a power already possessed by the state without any grant of authority.” Montana Constitutional Convention, Revenue and Finance Committee Proposal, February 18,1972, p. 579. In discussing Article VIII, Section 2, Delegate Rygg stated: “Of course, the power of taxation is the most important power a governmental body possesses, and it is equally important that this power never be treated lightly or bargained away.” Montana Constitutional Convention, Verbatim Transcript, March 3,1972, p. 1379.
¶29 The State requires revenue to provide for the common good, and taxation is of course necessary to raise this revenue. Without the power to tax, the government could not protect the right to know, the right of individual privacy, or any of the fundamental rights of the people. Therefore, I conclude that the State’s interest in enforcing its authority to tax is sufficiently “weighty or compelling” that it may, in limited and appropriate circumstances, circumscribe the right to know.
¶30 The record establishes that it is a critical component of the current corporate tax structure of Montana that the United States Internal Revenue Service (I.R.S.) provide information contained in United States corporate tax returns to the Montana Department of Revenue. The system would simply not work without such information. 26 U.S.C. § 6103(p)(8) prohibits the I.R.S. from disclosing information about a federal tax return to any State unless that State adopts a confidentiality provision such as § 15-31-511, MCA. Thus, if this Court were to conclude that § 15-31-511 is of no effect, it follows that the I.R.S. would stop providing information to DOR, and the current Montana system for levying taxes on for-profit corporations would fail.
¶31 The record also establishes that Montana does not have the resources to establish a tax system which could effectively compile and process the necessary information to levy and collect taxes from the many for-profit corporations that do business in this State, without tax information gathered and provided by the I.R.S.
*203 ¶32 I conclude that in this limited circumstance, the confidentiality provisions of § 15-31-511, MCA, which flow from Article VIII of the Montana Constitution, are sufficiently weighty and compelling to circumscribe the public’s right to know provided in Article II, Section 9.
¶33 It is for this reason that I vote to affirm the judgment of the District Court.

 This argument is clearly articulated in Elliot’s opening brief to the District Court, as well as his appellate briefs and oral argument before this Court.

 Mt. States Tel. and Telegraph Co. v. Dept. of Pub. Serv. Reg., 194 Mont. 277, 288, 634 P.2d 181, 188 (1981) (assuming the framers of Article II, Section 9 and 10 surely intended non-human entities to have the same constitutional rights to privacy as do human individuals). Mt. States was overruled by Great Falls Tribune, ¶ 38.