DA 14-0806

FILED

June 23 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0806

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 170N

KEVIN NELSON,

        Petitioner and Appellant,

   v.

MONTANA MUNICIPAL INSURANCE
AUTHORITY OF HELENA, MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 14-1306
Honorable Ingrid Gustafson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Kevin Nelson (self-represented); Billings, Montana

        For Appellee:

        Harlan B. Krogh, Eric Edward Nord, Crist, Krogh, Butler & Nord, LLC;
        Billings, Montana

Submitted on Briefs:  May 27, 2015
Decided:  June 23, 2015

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kevin Nelson (Nelson), a pro se petitioner, appeals from the Order of the Montana Thirteenth Judicial District Court, granting his Petition for Release of Documents from the Montana Municipal Interlocal Authority[1] (MMIA), but limiting the scope of the document release to non-privileged documents. Nelson argues that all documents, including those subject to attorney-client privilege, should be released because MMIA is a government authority. Nelson also requests an award of costs and attorney's fees incurred while pursuing this action.

¶3 On September 12, 2014, Nelson filed a Petition for Release of Documents (Petition) against the MMIA. Nelson requested release of "documents including but not limited to electronic, email, faxes, meeting minutes, phone meeting notes, settlement and or mediation reports and recommendations directly or indirectly related" to a settlement between the City of Bozeman and the MMIA regarding a lawsuit brought against the City of Bozeman by Delaney and Co., filed in Gallatin County (Cause No. DV 03-345).

---

[1] The caption for this case, before the District Court and on appeal, erroneously names the Respondent and Appellee the "Montana Municipal Insurance Authority." As noted by the Respondent and Appellee, the organization is properly titled the "Montana Municipal Interlocal Authority." However, to avoid any confusion that could be generated by a change in the case title, we will leave the title as it is.

¶4    On September 15, 2014, Nelson served the CEO of the MMIA with the Petition via process server. The Petition was served in an envelope that contained two petitions that were identical except for the cause. One petition was in the matter of the instant case, the other was in a different lawsuit filed by Nelson against the MMIA (the Related Matter). The CEO did not immediately recognize that the petitions were in two separate actions. The MMIA promptly responded to the petition in the Related Matter but failed to respond in the instant case.

¶5    On October 16, 2014, Nelson filed a motion for entry of default in this case, which the court granted. Upon receiving notice of the default, the MMIA promptly made an appearance, answered the Petition, and moved the court to set aside the entry of default.

¶6    In its answer, the MMIA challenged the Petition on the grounds that Nelson, as a resident of Billings, did not have standing to request release of the documents in a matter relating to the City of Bozeman. The MMIA stipulated, however, that if the District Court found that Nelson had standing, the MMIA would release all non-privileged documents related to the settlement.

¶7    On November 19, 2014, the District Court issued an order setting aside the entry of default and ruling on the Petition. The court found that Nelson had standing to request the documents. In so finding, the court relied on Mont. Const. Art. II, § 9, "Right to know," which states:

> [n]o person shall be deprived of the right to examine documents or to observe the deliberations of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure.

The court also noted that the Montana legislature has stated that "[e]very citizen has a right to inspect and take a copy of any public writings of this state. . . . " Section 2-6-102(1), MCA. The District Court recognized that neither the Montana Constitution nor the MCA imposes a requirement that a person must be a taxpayer in a given municipality to have standing to request public documents from that municipality.

¶8 The court therefore issued an order compelling the MMIA to release the documents relating to the settlement. However, the court also stated that the right to know "is not unfettered and the attorney-client privilege will prohibit the disclosure of certain documents, as such a document covered by the privilege would not be considered 'public' under the Montana Constitution or statutory provisions." Instead of ordering the MMIA to release privileged documents, the order required the MMIA to produce a privilege log describing each document and detailing the privilege to which each document was subject. Nelson appeals from this order.

¶9 Nelson contends the District Court violated his constitutional right to access public documents when it allowed the MMIA to submit a privilege log rather than release privileged documents. The District Court concluded that the privileged documents were not public documents subject to the disclosure requirements of Mont. Const. Art. II, § 9, or § 2-6-102(1), MCA.

¶10 We review a trial court's conclusions of law de novo, for correctness. *In re Charles M. Bair Family Trust*, 2008 MT 144, ¶ 28, 343 Mont. 138, 183 P.3d 61.

¶11 We agree with the District Court. In reviewing a claim under Article II, Section 9 of the Montana Constitution, we undertake a three-step process:

> [f]irst, we consider whether the provision applies to the particular political subdivision against whom enforcement is sought. Second, we determine whether the documents in question are "documents of public bodies" subject to public inspection. Finally, if the first two requirements are satisfied, we decide whether a privacy interest is present, and if so, whether the demand of individual privacy clearly exceeds the merits of public disclosure.

*Becky v. Butte-Silver Bow Sch. Dist. No. 1*, 274 Mont. 131, 136, 906 P.2d 193, 196 (1995).

¶12    In this case, no party disputes that the MMIA is an authority of a political subdivision subject to the disclosure requirements of the Montana Constitution. However, documents protected from disclosure by attorney-client privilege are not "documents of public bodies" subject to release under the public right to know. We have stated that Article II, § 9 of the Montana Constitution does not require release of information "where the data is protected from disclosure elsewhere in the federal or state constitutions or by statute." *Great Falls Tribune v. Mont. PSC*, 2003 MT 359, ¶ 39, 319 Mont. 38, 82 P.3d 876. Privileged documents fall squarely within this category. "There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate." Section 26-1-801, MCA. The relation between attorney and client is one such relation. Section 26-1-803, MCA. Furthermore, "[t]he fundamental purpose of the attorney-client privilege is to enable the attorney to provide the best possible legal advice and encourage clients to act within the law. The privilege furthers this purpose by freeing clients from the consequences or the apprehension of disclosing confidential information, thus encouraging them to be open and forthright with their

5

attorneys." *Palmer by Diacon v. Farmers Ins. Exch.*, 261 Mont. 91, 106, 861 P.2d 895, 904 (1993).

¶13   Subjecting attorney-client communications – even in situations where the client is a municipal authority – to disclosure under the public right to know would be antithetical to that purpose.  Such a rule would create situations where an individual involved in civil or criminal litigation against a government entity could obtain records of that entity's communications with its attorney by simply filing a petition under the public right to know, rendering the attorney-client privilege meaningless.  The same rationale applies to the work-product privilege and other evidentiary privileges.  The MMIA is a corporate entity created by member municipalities and, like other corporate entities (including municipalities) it enjoys the same privilege protections as individuals.  *See Inter-Fluve v. Mont. Eighteenth Judicial Dist. Court*, 2005 MT 103, ¶ 23, 327 Mont. 14, 112 P.3d 258 (privileges apply to individuals and corporations).  Documents covered by such privileges cannot be considered "documents of public bodies" for the purposes of the public right to know.  The District Court did not err when it limited the release of documents to those not covered by privilege.

¶14   Next, Nelson asserts that he is entitled to attorney's fees under § 2-3-221, MCA. That statute states that a "plaintiff who prevails in an action brought in district court to enforce the plaintiff's rights under Article II, section 9, of the Montana constitution may be awarded costs and reasonable attorney fees."  We have stated that the decision of whether to award attorney's fees under § 2-3-221, MCA, is at the discretion of the district

6

court and we review the court's decision for abuse of that discretion. *Pengra v. State*, 2000 MT 291, ¶ 24, 302 Mont. 276, 14 P.3d 499.

¶15 In this case we cannot conclude that the District Court abused its discretion by not granting costs and attorney's fees to Nelson. First, despite requesting attorney's fees in his Petition and other briefs, Nelson did not move the District Court to grant him costs and fees after the court ordered the MMIA to release the non-privileged documents. Second, in briefing before the District Court, the MMIA avers, and Nelson does not dispute, that it offered to release all non-privileged documents related to the settlement prior to Nelson filing the Petition. Filing the Petition was, therefore, unnecessary except to the extent that Nelson sought the release of privileged documents from the MMIA. In that regard Nelson did not prevail. The District Court properly exercised its discretion by not granting attorney's fees to Nelson.

¶16 Finally, in his reply brief Nelson suggests that the District Court erred when it set aside the entry of default. However, a reply brief "must be confined to new matter raised in the brief of the appellee." Mont. R. App. P. 12(3). Nelson did not properly raise the issue of the default in his opening brief and we will not discuss it further here.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct. The District Court's ruling was not an abuse of discretion.

7

¶18    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE